**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 03-60674

(Summary Calendar)

————————

ODILIA SWIRI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

———————————————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 925 019

———————————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

        Odilia Swiri petitions this court to review the decision of the Board of Immigration Appeals

("BIA") denying her motion to reopen removal proceedings.  Swiri argues that the BIA abused its

————————

        * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

discretion in denying her motion to reopen to apply for discretionary relief on the ground that Swiri previously had an opportunity to apply for the relief. She further argues that the BIA abused its discretion in determining that she failed to present prima facie evidence to support her motion to reopen to apply for withholding of removal and relief under the Convention Against Torture ("CAT").

A motion to reopen for "the purpose of affording the alien an opportunity to apply for any form of discretionary relief" shall not be granted if "it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply was therefore afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing." 8 C.F.R. §1002.3(c)(1). The BIA denied Swiri's motion to reopen to apply for the discretionary relief of asylum based upon her fear that her daughter would be subjected to female genital mutilation ("FGM") or that she would be persecuted due to her opposition to FGM on her daughter because she previously had an opportunity to apply for such relief. Swiri acknowledges that she gave birth to her daughter prior to the immigration judge's decision on her initial asylum application, thus the relief she seeks is not on the basis of circumstances that have arisen subsequent to the hearing. Swiri claims, however, that her right to apply for asylum based upon FGM was not explained to her. However, Swiri acknowledges that she never disclosed to her attorney the facts concerning the claim she now seeks to raise. Moreover, Swiri was only entitled to have her right to apply for asylum explained to her, she was not entitled to have every factual basis for asserting that right explained to her. Thus, the BIA did not abuse its discretion in denying her motion to reopen to apply for asylum.

Swiri has also failed to show that the BIA's denial of her motion to reopen to apply for

withholding of removal was an abuse of discretion. *See INS v. Abudu*, 485 U.S. 94, 106 (1988). A motion to reopen shall not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). Here, the evidence Swiri sought to introduce was known to her during her former hearing. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen. *See Thornburgh v. American College of Obstetricians and Gynecologists,* 476 U.S. 747, 756 n.7 (1986), *rev'd on other grounds* (reviewing court may uphold agency decision on unarticulated grounds if result is clear).

The BIA also denied Swiri's motion to reopen her petition for withholding of removal to apply for relief under CAT because she did not present prima facie evidence that she was entitled to such relief. Swiri specifically failed to establish that it would be unreasonable to relocate to an area of Cameroon in which FGM is not practiced. After reviewing the evidence that Swiri submitted in support of her claim that relocation would be unreasonable, we conclude that the BIA did not abuse its discretion in determining that it was not unreasonable for Swiri to relocate. *See* 8 C.F.R. § 1208.16. The BIA did not abuse its discretion in denying Swiri's motion to reopen to apply for withholding of removal under CAT.

AFFIRMED.